**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

|  |  |
|---|---|
| **CHRISTOPHER LEE HIGHLANDER** **LISA CAROL HIGHLANDER,** | Adv. Case No.: 17-02026 |
| **Plaintiffs,** |  |
| v. |  |
| **COUNTRYSIDE RENTALS, INC., et al.,** |  |
| **Defendants.** |  |

**AMENDED ANSWER OF DEFENDANTS, COUNTRYSIDE RENTALS, INC., AND MELINDA "DOE" AND BEN "DOE", AS EMPLOYEES OF RENT-2-OWN COMPANY, TO PLAINTIFFS, CHRISTOPHER LEE HIGHLANDER AND LISA CAROL HIGHLANDER'S COMPLAINT**

Now come the Defendants, Countryside Rentals, Inc., and Melinda "Doe" and Ben "Doe" (herein referred collectively as "Defendants"), by and through counsel, and for their Amended Answer to the Complaint filed by Plaintiffs, Christopher Lee Highlander and Lisa Carol Highlander, ("Plaintiffs"), states as follows:

1. Defendants neither admit nor deny the allegations contained in Paragraph 1 of the Plaintiffs' Complaint inasmuch as no allegations against these answering Defendants are contained therein.

2. Defendants deny the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Plaintiffs' Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Plaintiffs' Complaint.

5. Paragraph 5 of the Complaint consists of legal conclusions to which no response is necessary. To the extent a response is necessary, denied.

6. Defendants admit the allegations contained in Paragraph 6 of the Plaintiffs' Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Plaintiffs' Complaint; therefore, the allegations are denied.

8. Defendants admit the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Plaintiffs' Complaint; therefore, the allegations are denied.

10. Defendants admit the allegations contained in Paragraph 10 of the Plaintiffs' Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Plaintiffs' Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Plaintiffs' Complaint.

13. Defendants admit that they employ an individual named "Melinda," but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Plaintiff's Complaint; therefore, the allegations are denied.

14. Defendants admit that they employ an individual named "Ben," but are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 14 of the Plaintiff's Complaint; therefore, the allegations are denied.

15. Defendants neither admit nor deny the allegations contained in Paragraph 15 of the Plaintiffs' Complaint inasmuch as no allegations against these answering Defendants are contained therein.

16. Defendants neither admit nor deny the allegations contained in Paragraph 15 of the Plaintiffs' Complaint inasmuch as no allegations against these answering Defendants are contained therein.

17. Defendants admit the allegations contained in Paragraph 16 of the Plaintiffs' Complaint.

18. Defendants admit that they are "doing business as" Rent-2-Own, but deny the remaining allegations contained in Paragraph 17 of the Plaintiffs' Complaint.

19. Defendants admit that they have multiple locations and have numerous customers, but deny the remaining allegations contained in Paragraph 18 of the Plaintiffs' Complaint.

20. Defendants deny the allegations contained in Paragraph 19 of the Plaintiffs' Complaint.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Plaintiffs' Complaint; therefore, the allegations are denied.

22. Defendants deny the allegations contained in Paragraph 21 of the Plaintiffs' Complaint.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Plaintiffs' Complaint; therefore, the allegations are denied.

24. To the extent that the allegations of Paragraph 23 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that further response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Plaintiffs' Complaint; therefore, the allegations are denied.

25. To the extent that the allegations of Paragraph 24 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that further response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Plaintiffs' Complaint; therefore, the allegations are denied.

26. Defendants deny the allegations contained in Paragraph 25 of the Plaintiffs' Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Plaintiffs' Complaint; therefore, the allegations are denied.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Plaintiffs' Complaint; therefore, the allegations are denied.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Plaintiffs' Complaint; therefore, the allegations are denied.

30. Defendants admit that they sent a message at 2:55 p.m. that stated the following, "Hey its Melinda with Rent-2-Own. Just a friendly reminder that your account came due today. We are open today til 5pm. Have a great weekend! 564-6677," but deny the remaining allegations contained in Paragraph 29 of the Plaintiffs' Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Plaintiffs' Complaint; therefore, the allegations are denied.

32. Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Plaintiffs' Complaint; therefore, the allegations are denied.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Plaintiffs' Complaint; therefore, the allegations are denied.

35. Defendants admit that on August 24, 2017, Defendant sent a message stating, "Free Free Free till the 1st on one new rental today or Friday. Call us 6065646677 get urdeal today," but deny the remaining allegations contained in Paragraph 34 of the Plaintiffs' Complaint.

36. Defendants admit that on August 28, 2017 at 9:40 a.m., Defendant sent a message stating "Your Payment is due TODAY.  Please reply with PAY or visit your store to complete this Payment.  Play on-line at www.r2o.com," but deny the remaining allegations contained in Paragraph 35 of the Plaintiffs' Complaint.

37. Defendants deny the allegations contained in Paragraph 36 of the Plaintiffs' Complaint.

38. Defendants deny the allegations contained in Paragraph 37 of the Plaintiffs' Complaint.

39. Defendants deny the allegations contained in Paragraph 38 of the Plaintiffs' Complaint.

40. Defendants admit the allegations contained in Paragraph 39 of the Plaintiffs' Complaint.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Plaintiffs' Complaint; therefore, the allegations are denied.

42. Defendant admits that on August 29, 2017 at 9:40 a.m., Defendant sent a message stating "Your Payment is due TODAY.  Please reply with PAY or visit your store to complete this Payment.  Pay online at www.r2o.com," but deny the remaining allegations contained in Paragraph 41 of the Plaintiffs' Complaint

43. Defendants admit that on August 30, 2017, Defendant sent a message stating "Your payment was due on 8/18/2017 and is now 12 days late.  Please reply with PAY or visit your store to make this Payment.  www.r2o.com," but deny the remaining allegations contained in Paragraph 42 of the Plaintiffs' Complaint.

6

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Plaintiffs' Complaint.

45. Defendants admit the allegations contained in Paragraph 44 of the Plaintiffs' Complaint.

46. Defendants neither admit nor deny the allegations contained in Paragraph 45 of the Plaintiffs' Complaint inasmuch as no allegations against these answering Defendants are contained herein; however, Defendants obtained Plaintiffs' consent to receive text messages and provided instructions about how to cease all text messages from Defendants.

47. Defendants neither admit nor deny the allegations contained in Paragraph 46 of the Plaintiffs' Complaint inasmuch as no allegations against these answering Defendants are contained herein.

48. Defendants admit that on September 2, 2017 at 9:40 a.m., Defendant sent a message stating "Your Payment is due TODAY.  Please reply with PAY or visit your store to complete this Payment.  Pay on-line at www.r2o.com," but deny the remaining allegations contained in Paragraph 47 of the Plaintiffs' Complaint.

49. Defendants admit that on September 4, 2017 at 10:03 a.m., Defendant sent a message stating "Lisa and Chris, your account came due on 8/18/2017, reply PAY with the last 4 digits of your card to pay now.  Late Fees will be applied after 7PM.  1-606-564-6677," but deny the remaining allegations contained in Paragraph 48 of the Plaintiffs' Complaint.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Plaintiffs' Complaint; therefore, the allegations are denied.

51. Defendants admit the allegations contained in Paragraph 50 of the Plaintiffs' Complaint.

52. Defendants admit the allegations contained in Paragraph 51 of the Plaintiffs' Complaint.

53. Defendants admit the allegations contained in Paragraph 52 of the Plaintiffs' Complaint.

54. Defendants deny the allegations contained in Paragraph 53 of the Plaintiffs' Complaint.

55. Defendants admit that the Defendant sent one message at 12:19 p.m., but deny the remaining allegations contained in Paragraph 54 of Plaintiffs' Complaint.

56. Defendants admit the allegations contained in Paragraph 55 of the Plaintiffs' Complaint.

57. Defendants admit the allegations contained in Paragraph 56 of the Plaintiffs' Complaint.

58. Defendants admit the allegations contained in Paragraph 57 of the Plaintiffs' Complaint.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Plaintiffs' Complaint; therefore, the allegations are denied.

60. Defendants admit that 606-564-6694 is a business line of the Defendant Rent-2-Own, but deny the remaining allegations contained in Paragraph 59 of the Plaintiffs' Complaint.

61. Defendants admit the allegations contained in Paragraph 60 of the Plaintiffs' Complaint.

62. Defendants admit the allegations contained in Paragraph 61 of the Plaintiffs' Complaint.

63. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Plaintiffs' Complaint; therefore, the allegations are denied.

64. Defendants admit the allegations contained in Paragraph 63 of the Plaintiffs' Complaint.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Plaintiffs' Complaint; therefore, the allegations are denied.

66. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Plaintiffs' Complaint; therefore, the allegations are denied.

67. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Plaintiffs' Complaint; therefore, the allegations are denied.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Plaintiffs' Complaint; therefore, the allegations are denied.

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Plaintiffs' Complaint; therefore, the allegations are denied.

70. Defendants admit that at 11:16 a.m. on September 13, 2017, an SMS message was sent from Defendant, "URGENT REMINDER "Lisa and Chris" Your payment was due 8/18/2017. Reply with "Pay+ last 4 digits of the card on file" or visit www.r20.com to pay online," but deny the remaining allegations contained in paragraph 69 of the Plaintiffs' Complaint.

71. Defendants admit that at 10:22 a.m. on September 14, 2017, an SMS message was sent from Defendant, "Your payment was due 8/18/2017 and is now 27 days late. Please reply with PAY or visit you store to make this payment. www.r20.com," but deny the remaining allegations contained in Paragraph 70 of the Plaintiffs' Complaint.

72. Defendants admit the allegations contained in Paragraph 71 of the Plaintiffs' Complaint.

73. Defendants admit the allegations contained in Paragraph 72 of the Plaintiffs' Complaint.

74. Defendants admit the allegations contained in Paragraph 73 of the Plaintiffs' Complaint.

75. Defendants admit the allegations contained in Paragraph 74 of the Plaintiffs' Complaint.

76. Defendants admit the allegations contained in Paragraph 75 of the Plaintiffs' Complaint.

77. Defendants admit the allegations contained in Paragraph 76 of the Plaintiffs' Complaint.

78. Defendants admit that Defendant called Plaintiffs on October 15, 2017, but denies the remaining allegations contained in Paragraph 77 of Plaintiffs' Complaint.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Plaintiffs' Complaint; therefore, the allegations are denied.

80. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Plaintiffs' Complaint; therefore, the allegations are denied.

81. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Plaintiffs' Complaint; therefore, the allegations are denied.

82. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Plaintiffs' Complaint; therefore, the allegations are denied.

83. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Plaintiffs' Complaint; therefore, the allegations are denied.

84. Defendants admit the allegations contained in Paragraph 83 of the Plaintiffs' Complaint.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Plaintiffs' Complaint; therefore, the allegations are denied.

86. Defendants deny the allegations contained in Paragraph 85 of the Plaintiffs' Complaint.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Plaintiffs' Complaint; therefore, the allegations are denied.

88. Defendants deny the allegations contained in Paragraph 87 of the Plaintiffs' Complaint.

89. Defendants deny the allegations contained in Paragraph 88 of the Plaintiffs' Complaint.

90. Defendants deny the allegations contained in Paragraph 89 of the Plaintiffs' Complaint.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Automatic Stay)**

91. Defendants hereby incorporate, as if fully rewritten herein, all prior answers and defenses and reassert same as set forth in Paragraphs 1-89.

92. Defendants deny the allegations contained in Paragraph 91 of the Plaintiffs' Complaint.

93. Defendants deny the allegations contained in Paragraph 92 of the Plaintiffs' Complaint.

94. Defendants deny the allegations contained in Paragraph 93 of the Plaintiffs' Complaint.

95. Defendants deny the allegations contained in Paragraph 94 of the Plaintiffs' Complaint.

## **SECOND CLAIM FOR RELIEF**
**(Kentucky Consumer Protection Act)**

96. Defendants hereby incorporate, as if fully rewritten herein, all prior answers and defenses and reassert same as set forth in paragraphs 1 through 94.

97. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Plaintiffs' Complaint; therefore, the allegations are denied.

98. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Plaintiffs' Complaint; therefore, the allegations are denied.

99. Defendants deny the allegations contained in Paragraph 98 of the Plaintiffs' Complaint.

100. Defendants deny the allegations contained in Paragraph 99 of the Plaintiffs' Complaint.

101. Defendants deny the allegations contained in Paragraph 100 of the Plaintiffs' Complaint.

102. Paragraph 101 of the Complaint consists of legal conclusions to which no response is necessary. To the extent a response is necessary, denied.

103. Defendants deny the allegations contained in Paragraph 102 of the Plaintiffs' Complaint.

104. Defendants deny the allegations contained in Paragraph 103 of the Plaintiffs' Complaint.

## THIRD CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

105. Defendants hereby incorporate, as if fully rewritten herein, all prior answers and defenses and reassert same as set forth in Paragraphs 1 through 103.

106. Paragraph 105 of the Complaint consists of legal conclusions to which no response is necessary. To the extent a response is necessary, denied.

107. Defendants deny the allegations contained in Paragraph 106 of the Plaintiffs' Complaint.

108. Defendants deny the allegations contained in Paragraph 107 of the Plaintiffs' Complaint.

109. Defendants deny the allegations contained in Paragraph 108 of the Plaintiffs' Complaint.

110. Defendants deny the allegations contained in Paragraph 109 of the Plaintiffs' Complaint.

## FOURTH CLAIM FOR RELIEF
### (Violations of the Telephone Collection Practices Act – 46 U.S.C. § 227)

111. Defendants hereby incorporate, as if fully rewritten herein, all prior answers and defenses and reassert same as set forth in Paragraphs 1 through 109.

112. Paragraph 111 of the Complaint, which is incorrectly identified and renumbered as Paragraph 89, consists of legal conclusions to which no response is necessary. To the extent a response is necessary, denied.

113. Paragraph 112 of the Complaint, which is incorrectly identified and renumbered as Paragraph 90, consists of legal conclusions to which no response is necessary. To the extent a response is necessary, denied.

114. Defendants deny the allegations contained in Paragraph 113, which is incorrectly identified and renumbered as Paragraph 91, of the Plaintiffs' Complaint.

115. Defendants deny the allegations contained in Paragraph 114, which is incorrectly identified and renumbered as Paragraph 92, of the Plaintiffs' Complaint.

116. Defendants deny the allegations contained in Paragraph 115, which is incorrectly identified and renumbered as Paragraph 93, of the Plaintiffs' Complaint.

117. Defendants deny the allegations contained in Paragraph 116, which is incorrectly identified and renumbered as Paragraph 94, of the Plaintiffs' Complaint.

118. Defendants deny the allegations contained in Paragraph 117, which is incorrectly identified and renumbered as Paragraph 95, of the Plaintiffs' Complaint.

119. Defendants deny the allegations contained in Paragraph 118, which is incorrectly identified and renumbered as Paragraph 96, of the Plaintiffs' Complaint.

120. Defendants deny the allegations contained in Paragraph 119, which is incorrectly identified and renumbered as Paragraph 97, of the Plaintiffs' Complaint.

121. Defendants deny the allegations contained in Paragraph 120, which is incorrectly identified and renumbered as Paragraph 98, of the Plaintiffs' Complaint.

122. Defendants deny the allegations contained in Paragraph 121 which is incorrectly identified and renumbered as Paragraph 99, of the Plaintiffs' Complaint.

**FIFTH CLAIM FOR RELIEF**
**(Pattern and Practice)**

123. Defendants hereby incorporate, as if fully rewritten herein, all prior answers and defenses, and reassert same as set forth in Paragraphs 1 through 121.

124. Defendants deny the allegations contained in Paragraph 123, which is incorrectly identified and renumbered as Paragraph 101, of the Plaintiffs' Complaint.

125.   Defendants deny the allegations contained in Paragraph 124, which is incorrectly identified and renumbered as Paragraph 102, of the Plaintiffs' Complaint.

126.   Defendants deny the allegations contained in Paragraph 125, which is incorrectly identified and renumbered as Paragraph 103, of the Plaintiffs' Complaint.

127.   Defendants deny the allegations contained in Paragraph 126, which is incorrectly identified and renumbered as Paragraph 104, of the Plaintiffs' Complaint.

128.   Defendants deny the allegations contained in Paragraph 127, which is incorrectly identified and renumbered as Paragraph 105, of the Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE

Defendants hereby deny any allegation not specifically admitted herein.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' action is barred due to insufficiency of process and insufficiency of service of process.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims as to the Defendants sounding in tort are barred by the economic loss rule and any damages she may have suffered, which are denied are only economic in nature.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims as to the Defendant must fail because Plaintiff has unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate her damages, if any.

## **SEVENTH AFFIRMATIVE DEFENSE**

Defendant instructed Plaintiff how to stop all SMS messages at any time or for any reason. Having failed to do so, Plaintiff should not be permitted to complain about the continued receipt of those messages.

## **EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail for lack of privity of contract between them and some or all of the Defendants.

WHEREFORE, the Defendants, Countryside Rentals, Inc., and Melinda "Doe" and Ben "Doe", demand that the Complaint herein be dismissed with prejudice as to re-filing, for their costs and attorneys fees incurred in defending this action, and for all relief to which they may otherwise be entitled.

## **CONSENT TO ORDER**

Defendants consent to entry of a final order or judgment by the Bankruptcy Court.

Date: April 6, 2018                                     Respectfully submitted,

/s/Robert R. Sparks
Stuart C. Brinn (81480)
Robert R. Sparks (83685)
Strauss Troy Co., LPA
150 East Fourth Street, 4th Floor
Cincinnati, Ohio 45202
Telephone No.: (513) 621-2120
Facsimile No.: (513) 241-8259
scbrinn@strausstroy.com
rrsparks@strausstroy.com

*Attorneys for Defendants, Countryside Rentals, Inc. and Shae "Doe"*

## **SCERTIFICATE OF SERVICE**

      The undersigned does hereby certify that a copy of the foregoing has been served by electronic mail and ordinary U.S. Mail, postage prepaid, on this 6th day of April, 2018, upon the following:

Brian T. Canupp, Esq.
322 Main Street
Paris, KY 40361
Email:  Brian@canupplaw.com

*Attorney for Plaintiff, Dorothy Ann Curtis*

                                      /s/Robert R. Sparks
                                      Robert R. Sparks

12639155_1.DOC